NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 15 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| IRENE WANJIRU THIRU, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 17-72928 <br> 19-70012 <br><br> Agency No. A205-560-108 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 5, 2021[**]
Seattle, Washington

Before: McKEOWN and PAEZ, Circuit Judges, and ORRICK,[***] District Judge.

Irene Wanjiru Thiru, a native and citizen of Kenya, petitions for review of

the order of the Board of Immigration Appeals ("BIA") dismissing her appeal from

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable William Horsley Orrick, United States District Judge for the Northern District of California, sitting by designation.

the decision of an immigration judge ("IJ") that denied her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT") (petition No. 17-72928) and of the BIA's subsequent order denying her motion to reconsider and terminate proceedings (petition No. 19-70012). We have jurisdiction under 8 U.S.C. § 1252. We grant the petition for review in No. 17-72928 and deny in No. 19-70012.

When lack of corroboration is one of the stated bases for an adverse credibility determination, as in this case, we first consider the reasons for that determination that were unrelated to corroboration issues and evaluate whether the adverse credibility finding is supported by substantial evidence. *See Bhattarai v. Lynch*, 835 F.3d 1037, 1043 (9th Cir. 2016). If, at that point, the adverse credibility finding is not supported by substantial evidence, we then evaluate whether the IJ "provide[d] the applicant notice of the specific corroborative evidence that was required and an opportunity to provide it or explain why he [could not] reasonably obtain it." *Id.* If not, we remand "for the IJ to give the applicant that opportunity." *Id.* at 1043–44.

Here, the BIA upheld the IJ's determination that Thiru was not credible based solely on a perceived inconsistency regarding the date on which Thiru was raped. The inconsistency the IJ identified is this: Thiru testified that the Mungiki group attacked her and her family three times and that she and her daughters were

2

raped during the second incident on December 7, 2011, yet the medical examination report issued by the Kenyan police's physician (Exhibit 7) indicated that the rape occurred on July 5, 2011, during the first of the three incidents.

Thiru testified that when she went to the police after the third incident, they issued a "case summary" of all three incidents that she had reported. The case summary consisted of documents that the IJ marked as Exhibit 6 (cover/first page) and Exhibit 4 (victim's statement/second page). The second page describes all three incidents and lists dates for each incident that corroborate Thiru's testimony, including the date of the rape as December 7, 2011. However, the police separately back-dated the case summary with the date of the first incident reported: July 5, 2011. Thiru testified that she presented this case summary to the police physician, who completed the required form (Exhibit 7) based on the information in the case summary and mistakenly incorporated the date of the case summary report itself, July 5, as the date of the rape, even though the body of the case summary lists the date of the rape as December 7. The IJ determined that Thiru had failed to adequately explain the date discrepancy between Exhibit 7 and her testimony, did not believe that Thiru could readily corroborate her testimony, and ultimately denied her applications for relief based on an adverse credibility determination.

To support an adverse credibility determination, an inconsistency must not

3

be trivial and must have some bearing on the petitioner's veracity. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010). "[M]inor discrepancies in dates that . . . cannot be viewed as attempts by the applicant to enhance his claims of persecution have no bearing on credibility." *Singh v. Gonzales*, 403 F.3d 1081, 1092 (9th Cir. 2005).

The date discrepancy regarding when Thiru was raped says nothing about her truthfulness or the overall reliability of her substantive account of the rape and the other two attacks. *See Ren v. Holder*, 648 F.3d 1079, 1086 (9th Cir. 2011). The IJ's focus on the date discrepancy constitutes "a flawed approach to credibility determination." *Singh*, 403 F.3d at 1090–91.

Moreover, the date discrepancy cannot serve as substantial evidence for an adverse credibility finding because neither the IJ nor the BIA provided "a specific and cogent reason for rejecting" Thiru's "reasonable and plausible explanation." *See Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011). Both considered only Thiru's statement that "she would have never presented Exhibit 7 if there was a discrepancy" and ignored her actual explanation (that the police physician incorporated the wrong date from Exhibits 4 and 6 into Exhibit 7) and the explanation's consistency with information on police procedures and treatment of rape victims described in the Department of State Human Rights Report for Kenya.

The IJ and BIA also ignored other facts that "tend[] to contravene a

4

conclusion that a given factor undermines credibility." *Shrestha*, 590 F.3d at 1044. The medical report issued by the hospital where Thiru and her daughters were treated after the rape (Exhibit 5) is dated December 8, 2011. And Thiru's asylum application, statement in support of her asylum application, declaration in support of her prehearing statement, and the psychological evaluation report all list December 7, 2011—the day before the medical report was issued—as the date of the rape.

The BIA noted another inconsistency, not identified in the IJ's oral decision, between Thiru's asylum application and her statement in support of her asylum application—whether Thiru's neighbors came to rescue her during the first attack. This alleged inconsistency is based on an incomplete reading of Thiru's statement in support of her asylum application and cannot form the basis for an adverse credibility finding. Thiru's statement explained that while the neighbors did not come as quickly as she had hoped, they did eventually show up while the attack was in progress and saved her and her husband from greater harm. That is what her asylum application stated as well.

The only remaining basis for the IJ and the BIA's adverse credibility determination is lack of corroboration. But the IJ did not give Thiru notice or an opportunity to present corroborative evidence before denying relief as required under 8 U.S.C. § 1158(b)(1)(B)(ii) and *Ren*. Nor did Thiru preemptively decline

5

such an opportunity. While she initially said "[t]he only thing I have is my verbal evidence," she later added, "If I'm not able to find them now, I will go back and talk to my husband and see if there is anything else that he can mail to me if what I have is not enough."

In addition, the IJ's denial of a continuance to allow Thiru to present corroborative evidence was an abuse of discretion. *Cruz Rendon v. Holder*, 603 F.3d 1104, 1109–11 (9th Cir. 2010). The need for a continuance resulted from the government counsel's submission of the Kenya documents (Exhibits 4 through 7) into the record at the end of the hearing. This prompted the IJ, who was otherwise ready to grant Thiru's application for relief, to ask Thiru for additional evidence to corroborate her testimony. When Thiru had none at hand, the IJ denied her application for relief and ordered her removal.

The factors we consider when determining whether failure to grant a continuance was an abuse of discretion all favor Thiru: The corroborative evidence was obviously important to the IJ, Thiru's failure to have evidence to rebut exhibits that had not been disclosed was reasonable, a continuance would not have inconvenienced the IJ, and there had been no continuance previously granted in Thiru's case. *See id.* at 1110. The IJ's offer to reconsider his decision if Thiru obtained additional evidence at a later date is not a proper remedy for his abuse of discretion. A continuance would have provided Thiru with a reasonable

6

opportunity to present her case in a full and fair hearing.

Because substantial evidence does not support the IJ and the BIA's adverse credibility determination, we grant Thiru's lead petition for review and remand for further proceedings consistent with this disposition. If additional corroborative evidence is still deemed necessary for Thiru to meet her burden of proof, the IJ must comply with the statutory notice-and-opportunity requirement.

We also remand Thiru's CAT claim, which the IJ and the BIA summarily denied without indicating that they considered Thiru's evidence of country conditions. *See Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001) (holding that denial of asylum on credibility grounds does not necessarily preclude CAT relief); *Zhiqiang Hu v. Holder*, 652 F.3d 1011, 1020 (9th Cir. 2011) (remanding CAT claim where the BIA failed to provide a reasoned explanation of its decision).

With respect to the second petition, the BIA did not abuse its discretion in denying Thiru's motion to reconsider and terminate. Her argument that the lack of a time and date on her Notice to Appear ("NTA") divested the IJ of jurisdiction over the removal proceedings is foreclosed by *Karingithi v. Whitaker*, 913 F.3d 1158, 1160–62 (9th Cir. 2019) and *Aguilar Fermin v. Barr*, 958 F.3d 887, 889 (9th Cir. 2020) (explaining that an NTA "need not contain time, date, and place information to vest an immigration court with jurisdiction if such information is provided before the hearing"). Contrary to Thiru's assertion, *Karingithi* is not

undermined by the Supreme Court's narrowing of *Auer* deference in *Kisor v. Wilkie*, 139 S. Ct. 2400 (2019) because *Karingithi* was not solely based on *Auer* deference to the BIA's interpretation of jurisdictional regulations. Rather, after reaching the conclusion on the basis of our own analysis, we found the BIA's interpretation "consistent with our analysis." *Karingithi*, 913 F.3d at 1161.[1]

Petition No. 17-72928, **GRANTED AND REMANDED.** Petition No. 19-70012, **DENIED.**

---

[1] To the extent that Thiru seeks review of the BIA's denial of *sua sponte* reopening, we lack jurisdiction to review that determination because it was not based on a "legal or constitutional error." *Bonilla v. Lynch*, 840 F.3d 575, 588 (9th Cir. 2016). Even if susceptible to review, Thiru's request was based on the same jurisdictional argument foreclosed by *Karingithi* and *Aguilar Fermin*.